# THE STATE v. CHARLES F. KULLMAN, Appellant.

### Division Two, February 12, 1910.

1. **LIMITATION: Absence From State.** The two latter clauses in the Statute of Limitations (Sec. 2421, R. S. 1899) being joined by the disjunctive "or," are separate and independent grounds for the suspension of the statute, and the evidence in this case is sufficient to support the verdict of the jury upon either ground, namely, that he was "not an inhabitant of the State," or that he was "not usually resident within the State" after the proof of any one of the offenses charged.

2. **INSTRUCTION: All Law of Case.** An "exception to the failure of the court to instruct on all the law of the case" is insufficient to raise the point that an instruction on circumstantial evidence should have been given.

3. **REMARKS OF ATTORNEY: Absence From State.** A remark by the prosecuting attorney that "if defendant had been in the State of Missouri he could easily have brought witnesses upon the stand to prove he was in the State," where the issue was whether the limitation of the statute had been suspended by his absence, was not prejudicial to defendant, but legitimate argument; but if it was objectionable, the trial court cannot be convicted of error if the only request of defendant was complied with, namely, to withdraw it, there being no request for rebuke, etc.

Appeal from Benton Circuit Court.—*Hon. C. A. Denton*, Judge.

AFFIRMED.

*W. S. Jackson* and *T. C. Owen* for appellant.

(1) The prosecution in this case was barred by sec. 2419, R. S. 1899. The information was not filed until over six years after the alleged commission of the offense. The State sought to evade the bar of the statute by pleading its suspension under the terms of

sec. 2421, R. S. 1899. (2) The peremptory instruc·
tions offered by defendant at the close of the State's
case should have been given. No evidence was offered
to show that he had ever abandoned his residence in
this state, nor was any offered to show that he had
acquired one elsewhere. This statute is to be liberally
construed in favor of defendant. Wharton, Cr. Pr.
and Pl. sec. 316. How can it be said that the state,
under such evidence, was entitled to go to the jury?
If a defendant is seen by several persons in a foreign
state and is not seen at home by one or two others,
does that overcome the presumption that his home
continues where it is once shown to be until the con-
trary is proven by evidence sufficient to overcome such
presumption? State v. Snyder, 182 Mo. 517; State v.
Sanders, 106 Mo. 193. (3) There was no direct evi-
dence offered by the state on the question of the resi-
dence and habitation of defendant in another State;
it was all circumstantial, and this being so, the case,
upon this issue, stands upon the same ground as
though this were the sole issue in the case, and the
court committed error in not instructing the jury on
the law concerning circumstantial evidence. State v.
Woolard, 111 Mo. 248; State v. Daniel, 131 Mo. 380;
State v. Moxley, 102 Mo. 374.

*Elliott W. Major,* Attorney-General, and *Chas. G.
Revelle,* Assistant Attorney-General, for the State.

(1) The competency of this evidence is not open
to doubt, the sole question being one of its weight, and
that, under proper instructions, was one for the jury.
Hall v. Schoenecke, 128 Mo. 661; Lankford v. Gebhart,
130 Mo. 621; Pope v. Fleuge, 140 Mo. 399; State v.
Snyder, 182 Mo. 503. This testimony standing un-
contradicted, and there being no facts or circumstan-
ces in evidence tending in any measure to affect or
overcome the conclusion that it warrants, is amply
sufficient to sustain the finding of the jury. State v.

Snyder, 182 Mo. 517. The question of residence was one of fact, and having been submitted to the jury under appropriate instructions, and there being substantial evidence to support its findings, the verdict will not be disturbed on appeal. Lankfort v. Gebhart, 130 Mo. 638; State v. Miller, 182 Mo. 386; State v. Kosky, 191 Mo. 16; State v. Wigger, 196 Mo. 97. (2) Defendant complains that the court failed to instruct the jury on the law relating to circumstantial evidence, but reference to the record discloses that he wholly failed to request such an instruction, or to direct, in any manner, the attention of the court to this feature, and cannot, therefore, urge the objection in this court. State v. Espenschied, 212 Mo. 222; State v. Bond, 191 Mo. 555. Besides, the point is no more definite in the motion for a new trial, and is entirely too indefinite to be available in this court. Besides this, upon the evidence disclosed by this record, it was not error to refuse an instruction on circumstantial evidence.

BURGESS, J.—By information, the prosecuting attorney of Benton county charged the defendant, in the first count of said information, with the crime of forgery, and in the second count, with uttering the forged instrument, i. e., a note, upon which it is alleged that the name of one of the parties, Claus Bruns, had been forged. Both counts refer to the same instrument. The crime is charged as being committed in January, 1901, but no information was filed until 1907. The amended information, upon which conviction was had, was not filed until the year 1908. This information charges, in addition to the formal charges of the two respective crimes, "that from the 15th day of February, 1901, until the 6th day of November, 1907, the said Charles F. Kullman has at no time been an inhabitant of or usually resident within the State of Missouri."

The defendant duly entered his plea of not guilty

to said amended information, and upon trial before a jury was convicted of the crime of forgery as charged in the first count of the information, but was acquitted of the charge in the second count of said information. Punishment was fixed at three years in the penitentiary. Upon which verdict of the jury so fixing the punishment, sentence and judgment was duly entered. In due course, and in proper order, the cause reaches us, upon the appeal of the defendant.

In their brief, counsel for defendant urge but three things as grounds for reversal: (1) Failure of proof on the part of the State to show that the defendant had not been "an inhabitant of or usually resident within this State;" (2) failure of the court to give an instruction on circumstantial evidence, and (3) improper remarks of the prosecuting attorney in the course of his argument. Of these questions in their order.

Upon the first insistence of counsel a review of the evidence is required. By Lon Kreisel, who lived in Benton county, it was shown that in the year 1901 he was in the State of Washington; that he arrived at Hoquiam, State of Washington, the latter part of March, 1901, and that whilst there he was intimately acquainted with the defendant, and saw him often, until the 9th day of July, 1901, when defendant disappeared; that he saw him no more until after he was arrested and brought back to Missouri, in November, 1907.

By Charles Fitzinger, another witness who was at Hoquiam, Washington, in 1901, it was shown that he saw the defendant at that town for some time, the length of time not being stated, but evidently about the time mentioned by the preceding witness. This witness also testifies to defendant's disappearance in the State of Washington, and that it was thought he had been drowned.

By the deputy sheriff, Mr. Hart, it was shown that

after the defendant was brought back to Missouri he had a talk with him, and that defendant said he was in Oregon when apprehended; that defendant said he had been in Alaska about a year during the time he was absent from Missouri, and that he had also been ·in California, Washington and Oregon, but no time was given as to the stay in the several states other than the Territory of Alaska.

From another witness, Claus Bruns, it was made to appear that he was raised in the same neighborhood with Kullman, in Benton county, and that his name to the note was a forgery. In fact, whilst the record does not clearly so speak, it is evident therefrom that the defendant was born and raised in Benton county, and lived there up to the early part of February, 1901.

Henry P. Lay, an attorney at law, testified that, by reason of certain litigation, he and his associates had made diligent search for defendant for about two years prior to his apprehension in November, 1907, and that it was through his efforts that the defendant was located and apprehended in the State of Oregon.

By W. T. Meyers it was shown that defendant spoke to him of being at Portland, Oregon, for a time, but did not say how long.

Such is the State's evidence upon the absence of the defendant from the State of Missouri.

Counsel for defendant urge that this is an insufficient showing under section 2421, Revised Statutes 1899. This section suspends the Statute of Limitations in criminal cases for three reasons: (1) Where the party is a fugitive from justice; (2) for such period of time as the party is not an inhabitant of the State, and (3) for such period of time as ·the party is not usually resident within this State after the commission of the offense. It will be noticed that the disjunctive "or" is used between the two latter clauses of the statute; so that these two clauses are

separate and independent grounds for the suspension of the Statute of Limitations. This distinction is clearly drawn by GANTT, P. J., in the case of State v. Snyder, 182 Mo. l. c. 515.

We are not impressed with the contention of counsel that the evidence introduced was not sufficient upon which to submit to the jury either of the two questions suggested in the two latter clauses of said section of the statute.

Whilst it might not be said that the evidence showed the defendant to be a fugitive from justice, because no criminal charge had been preferred against him at the time he left the State, yet it does appear that he did leave the State and was seen and recognized in the State of Washington in the spring and summer of the same year, and in July of that year he disappeared, and it was thought that he was drowned. It does appear from his own admission that he was resident in the Territory of Alaska for at least a year, and that he lived in three western States during the time of his absence, and it does appear that from one of these western States he came at the time of his apprehension and arrest.

It is urged that this evidence, under the case of State v. Snyder, supra, was not sufficient to authorize the submission of this question to the jury; but we are not so impressed with the holding in that case. In other words, there is nothing in that case which would preclude the case in point from being submitted to the jury on the particular question now in hand. The contention, therefore, that there was not sufficient evidence to authorize the jury to find that the defendant was not an inhabitant of, or resident within this State, for a sufficient length of time to take the case out of the Statute of Limitations, will be ruled against the defendant.

It would appear from the record that all of the witnesses were extremely friendly to the defendant,

and it must be further said that if the court committed error at all in rulings upon the question involved in this proposition, the error was in favor of the defendant.

It is next contended that an instruction on circumstantial evidence should have been given. Not on the theory that the evidence tending to show that the crime had been committed was circumstantial, for this fact was positively shown by witness Claus Bruns, whose name was forged to the note, but who appeared to be friendly to defendant—in fact he testified to his friendly feelings—but on the theory that the evidence was circumstantial as to defendant's absence from Missouri and his residence elsewhere. Two answers can be made to this contention. First, the evidence, so far as it went, was not strictly circumstantial, for witnesses testified to admissions made by defendant and to facts within their own knowledge, all tending to show a change of residence, and all tending to show that the defendant was not resident in this State from February, 1901, to November, 1907. But even granting the contention of defendant, which we do not do, yet the only point made in the record which would go to this question is thus stated: "The defendant also excepted to the failure of the court to instruct the jury upon all the law of the case." The motion for new trial makes the point no more definite than the objection above quoted. This is insufficient to raise the question here. The exact point was held in judgment in the recent case of State v. Espenschied, 212 Mo. l. c. 223, and that case, with the authorities therein cited, must control here.

We next reach the charge made as to improper remarks of counsel. The chief grievance against the remarks made by the prosecuting attorney is leveled at this language used by said officer: "If Charlie Kullman had been in the State of Missouri he could easily have brought witnesses upon the stand to prove he

was in the State of Missouri.'' This remark was objected to, and the court thereupon said, ''That will be withdrawn and excluded from the jury.'' We are impressed that the trial court gave the defendant more than he was entitled to in sustaining this objection. [State v. Emory, 79 Mo. 1. c. 463; State v. Parker, 172 Mo. 1. c. 204.] It might be said that such remarks were legitimate argument under the facts of this case. Be that as it may, the defendant only objected to the statement, and the court promptly withdrew it. If there was wrong, the court promptly cured it. [State v. Barrington, 198 Mo. 1. c. 92.] The defendant did not ask that the State's counsel be reprimanded for the remark, but rested upon the simple objection, which was promptly sustained. We do not mean to say that the court should have reprimanded counsel for this remark, but we are simply stating the attitude of the counsel for the defendant. The trial court cannot be convicted of error when there is done all that the defendant asks.

The foregoing remark is as serious, and more so, than any other allusion to defendant made in the discussion of the case *nisi*. It will serve no good purpose to go further. The crime of forgery in the third degree was conclusively proven, and that, too, by a friendly witness.

In our judgment, the evidence shows facts upon which the suspension of the Statute of Limitations could be fairly found by the jury. The instructions in the case are as fair as the defendant could ask. The court's rulings throughout were more favorable to defendant than the law demands. The entire record would indicate that the witnesses were friendly, or at least none were hostile, to defendant. Upon the record, the trial appears to be a fair one, and the judgment should be permitted to stand. The judgment and sentence are, therefore, affirmed. All concur.